1  Warren E. Platt (#154086)
   Katharine H. Adams (#291445)
2  SNELL & WILMER L.L.P.
   600 Anton Blvd., Suite 1400
3  Costa Mesa, California 92626-7689
   Telephone: 714.427.7000
4  Facsimile:  714.427.7799

5  Attorneys for Defendant
   FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ZEA and ELSA MORALES,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; DAVID WILSON'S FORD OF ORANGE, a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: _____<br><br>[*Originally filed in Los Angeles Superior Court; Case No.: BC692318*]<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>Complaint Filed: January 31, 2018 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford") by its counsel SNELL & WILMER LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. BC692318 of the Superior Court of California, County of Los Angeles. In support of this removal, Ford states:

**I.  THE REMOVED CASE**

1.  The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiffs Carlos Zea and Elsa Morales against Ford, entitled *Zea v. Ford Motor Company, et al.*, Case No. BC692318 (the "State

Action"). The two named Defendants are Ford and DAVID WILSON'S FORD OF ORANGE ("Wilson Ford").

2. Plaintiffs filed the State Action on January 31, 2018, asserting breach of warranty and fraudulent inducement claims against Ford and Wilson Ford. *See* Complaint.

## II. PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on January 8, 2018. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibits A-C** filed herewith.[1]

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument in favor of its position that this case is properly removable.

---

[1] Due to backlog at Los Angeles Superior Court Ford does not have a copy of its conformed Answer. Ford filed its Answer on March 1, 2018, but has yet to receive a conformed copy of the Answer. Ford will file a notice of errata containing the conformed Answer upon its receipt. See, Declaration of Katharine H. Adams ("Adams Decl."), filed concurrently herewith attached as **Exhibit D**, at ¶ 18.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

10. Defendant Ford believes that Wilson Ford was served with the summons and complaint in this action. Without waiving any defenses, Wilson Ford hereby joins in this Notice of Removal and consents to removal of this case to this Court. *See* Adams Decl. at ¶ 17 and **Exhibit G**.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is

challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14. Ford disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

15. In the present case, Plaintiffs seek both monetary and injunctive relief. Plaintiffs allege claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) against Ford and Wilson Ford and fraudulent inducement against Ford. (Compl. ¶¶ 73-121).

16. Plaintiffs alleges that on October 3, 2015, they purchased a used 2013 Ford Focus for $16,223.00[2] and that the PowerShift transmission is defective because it "consistently slips, bucks, kicks, jerks, harshly engages," among other alleged problems. (Compl. ¶¶ 9, 22). Plaintiffs allege they took the Focus in for repairs and further allege that the PowerShift Transmission could not be repaired. (Compl. ¶¶ 80-81, 106, 112).

17. Plaintiffs alleges they are entitled to relief under the Song-Beverly Act including: attorney's fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. ¶¶ 84-87, Prayer for Relief). Plaintiff also seeks "rescission of the [purchase] contract"

---

[2] The calculation of vehicle price is made by adding the "Down Payment" and "Amount Financed," as represented in the Plaintiff's Sale Contract, as attached to Exhibit 1 of Plaintiff's Complaint. *See* Adams Decl.

under the Song-Beverly Act. (*Id.* ¶ 97, Prayer for Relief). Furthermore, Plaintiffs seeks punitive damages. (*Id.* Prayer for Relief).

18. An amount in controversy calculation can include punitive damages, civil penalties under the Song-Beverly Act, as well as reasonable estimates of attorneys' fees.[3] *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009, 1011 (N.D. Cal. 2002).

19. Based on the numbers provided in the Plaintiffs' Sales Contract, as well as vehicle repair records in possession of Ford, if Plaintiffs were to prevail on their Song-Beverly claims, their damages could be calculated as follows:

| | |
|---|---|
| Purchase Price: | $16,223.00 |
| <u>Less</u> Deduction for Use: | $1,381.52 |
| = | $14,841.48 of Potential Actual Damages |
| <u>Plus</u> Civil Penalties | $29,682.96 |
| = | $44,524.44 of Potential Damages Awarded |

(**Exhibit D**, Adams Decl. 5-12; Cal. Civ. Code §§ 1793.2(d)(2)(B)-(C); 1794(c)).

20. If Plaintiffs were to prevail on their Song-Beverly claims, she could be awarded damages at a minimum of $44,524.44 or more in statutory civil penalties alone, which includes just the purchase price of $14,841.48 plus $29,682.96 as a double civil penalty pursuant to the Song-Beverly Act. This amount does not even contemplate Plaintiffs' potential recovery of attorneys' fees, which are properly included in amount in controversy calculations, and can exceed $100,000. (**Exhibit E**, Hugret Decl. ¶¶ 5-6.) Accordingly, the amount in controversy is easily satisfied in this case. (**Exhibit D,** Adams Decl. ¶¶ 5-12; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

21. Notwithstanding the foregoing, in full settlement of this action and all

---

[3] The Song-Beverly Act allows for the recovery of attorney's fees, which can regularly exceed $100,000.00. (Declaration of Spencer Hugret ("Hugret Decl."), ¶¶ 5-6, filed concurrently herewith attached as **Exhibit E**).

of the claims therein, Ford hereby offers to pay Plaintiffs the total sum of Seventy Five Thousand and One Dollars ($75,001.00), inclusive of any and all costs, attorneys' fees, and/or civil penalties, in exchange for each of the following: (1) the entry of a Stipulation of Dismissal of Plaintiffs' action against Ford, with prejudice; and (2) the execution of a Settlement Agreement and Release by Plaintiffs in favor of Ford. If Plaintiffs are in possession of the Subject Vehicle, it need not be returned to Ford. Also, if accepted, the settlement will extinguish any and all past, present, or future claims for damages of any kind related to the Subject Vehicle. This offer shall remain open only for ten (10) days from the date of the service of this Notice of Removal on Plaintiffs' counsel. If this offer is not accepted within the time prescribed above, it shall be deemed withdrawn, and cannot be given in evidence upon trial.

## IV.   DIVERSITY OF CITIZENSHIP EXISTS

22.   Plaintiffs are, and were at the time of filing of the Complaint, both citizens and residents of California. (Compl. ¶ 2).

23.   Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2016 Form 10-K filing[4], **Exhibit F**; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

### A.   *Defendant Wilson Ford and Fraudulent Joinder*

24.   Under the doctrine of "fraudulent joinder," diversity jurisdiction exists when a plaintiff is unable to maintain a cause of action against a non-diverse defendant, but joins that non-diverse defendant in order to evade the jurisdiction of federal court. *McCabe v. General Foods Crop.,* 811 F.2d 1336, 1339 (9th Cir.

---

[4] A true and correct copy of an excerpt from Ford's 10-K filing for the fiscal year ending December 31, 2017 will be provided to the Court once available.

1987); *Albi v. Street & Smith Publications,* 140 F.2d 310, 312 (9th Cir. 1944); *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that a non-diverse party named in the state court action may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that no possible cause of action can be pursued against that party). A defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris,* 236 F.3d at 1067 (citations omitted); *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987)).

25. Ford contends that Plaintiffs fraudulently joined Wilson Ford in this case on a claim for which no recovery exist under California law, and for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court. *See In re Briscoe*, 448 F. 3d 201, 217 (3d Cir. 2006) ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment").

26. First, Plaintiffs lack any legal authority for their claims against Wilson Ford as there is no reasonable basis to suggest that Plaintiffs can prevail on such claims. California law permits sellers to disclaim express warranties. Words that create an express warranty are to be construed as consistent with words that tend to limit or negate a warranty. Cal. Com. Code § 2316(1); U.C.C. § 2-313; See *Hauter v. Zogarts*, 14 Cal.3d 104, 118–119 (1975) (stating that a seller must clearly limit his liability when modifying or disclaiming an express warranty). Here, Wilson Ford made clear efforts to disclaim any express warranties with respect to the purchase of Plaintiffs' Focus. The Sales Contract (attached as Exhibit 1 to Plaintiffs' Complaint, **Exhibit A**) specifically states that:

///

    4.  Warranties Seller Disclaims

> **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
> This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed. (emphasis in original).

Wilson Ford properly disclaimed any express warranties in connection with the sale of Plaintiffs' Focus. Thus, this disclaimer invalidates Plaintiffs' claim against Wilson Ford, such that Plaintiffs clearly brought Wilson Ford as a party only to defeat diversity.

  27. Coupled with the above, Ford believes that Plaintiffs have no intention of prosecuting any claim against Wilson Ford, and that Wilson Ford was only brought in to defeat the claim of diversity and removal to Federal Court, due to the fact that Ford has recently sought an MDL within the federal court, which was recently ordered. (Hugret Decl. at ¶ 7). Indeed, Ford's counsel's vast litigation experience in opposing automotive product liability cases (and in particular matters filed by Mr. Mikhov's firm), has been that individual Ford dealerships have *not* been regularly sued, which further fortifies Ford's position that Wilson Ford's involvement in this matter is improper. (*Id*.) Furthermore, Plaintiffs' intentions are made apparent both in the bare-boned, non-specific allegations as well as in their prayer for relief, which requests judgment against Ford alone, not Wilson Ford. (Compl. Prayer for Relief.)  Because Plaintiffs' joinder of Wilson Ford is a sham, this Court has the jurisdiction to accept this matter, without regard to Wilson Ford joinder, and complete diversity exists for purposes of 28 U.S.C. § 1332 jurisdiction.

## V. CONCLUSION

28. For the reasons stated above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (iii) the action is between citizens of different states.

Dated: March 2, 2018                              SNELL & WILMER L.L.P.

By: /s/Katharine H. Adams
Warren E. Platt
Katharine H. Adams
Attorney for Defendant
Ford Motor Company

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 2, 2018, I served, in the manner indicated below, the foregoing document described as: **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** on the interested parties in this action:

| | |
|---|---|
| Steve Mikhov<br>Amy Morse<br>KNIGHT LAW GROUP, LLP<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067 | **ATTORNEY FOR PLAINTIFFS**<br><br>Tel: 310.552.2250<br>Fax: 310.552.7973<br><br>stevem@knightlaw.com<br>amym@knightlaw.com |

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☒ BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on March 2, 2018, at Costa Mesa, California.

*/s/ Louise Mishler*
_____
Louise Mishler

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL